IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID STEVEN JOHNSON, #187664, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:09-CV-343-TMH |
| ) | [WO] |
| ) | |
| STATE OF ALABAMA, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This cause of action is pending before the court on a 28 U.S.C. § 2254 petition for writ of habeas corpus relief filed by David Steven Johnson ["Johnson"], a state inmate, on April 12, 2009.[1] In this petition, Johnson challenges a conviction for first degree rape imposed upon him in 2004 by the Circuit Court of Lee County, Alabama.[2] Johnson's rape conviction became final by operation of law on October 6, 2005.

In accordance with the orders of this court, the respondents filed an answer in which

---

[1] Although the Clerk stamped the petition received on April 14, 2009, the law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). Johnson certified he submitted the petition for mailing on April 12, 2009. *Petition for Writ of Habeas Corpus Relief - Court Doc. No. 1* at 2. In light of the foregoing and for purposes of the proceedings herein, the court considers April 12, 2009 as the date of filing.

[2] The rape at issue concerned Johnson's then-seven year old daughter. A review of the record reveals that the victim provided testimony and documentary evidence at trial which constituted sufficient evidence to support Johnson's conviction for first degree rape. *Respondents' Exhibit A (Part 3) - Court Doc. No. 18-3* at 113-127; *Respondents' Exhibit A (Part 1) - Court Doc. No. 18-1* at 72-77.

they argue that Johnson's federal habeas petition is barred by the one-year period of limitation applicable to 28 U.S.C. § 2254 petitions.[3] The respondents contend that because Johnson's rape conviction became final in 2005 -- after the effective date of the statute of limitations -- Johnson must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition related to the conviction remained pending in the state courts. The respondents concede that Johnson filed a state post-conviction petition under Rule 32, *Alabama Rules of Criminal Procedure*, on March 23, 2006 which tolled the limitation period.[4] The respondents maintain that, even allowing tolling of the federal limitation period during the pendency of this Rule 32 petition, the limitation period expired prior to Johnson filing this federal habeas petition. *Respondents' Answer - Court Doc. No. 18* at 11; *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ( statutory tolling allowed only for the time during which a properly filed state post-conviction action is pending). The respondents further

---

[3] Title 28 U.S.C. § 2244(d)(1) sets forth the one-year period of limitation. This section is contained within the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which became effective on April 24, 1996.

[4] The Rule 32 petition establishes that Johnson submitted the state petition to prison officials for mailing on March 23, 2006. *Respondents' Exhibit M - Court Doc. No. 18-18* at 93. As previously noted, a pro se inmate's petition is deemed filed in federal cases the date it is delivered to prison officials for mailing. *Houston*, 487 U.S. at 271-272. "Alabama courts have [adopted the mailbox rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."). Consequently, the prison mailbox rule applies to pro se Rule 32 petitions filed in the state courts of Alabama and March 23, 2006 is therefore the appropriate date of filing for Johnson's first Rule 32 petition. The court has also applied this rule to all other documents filed *pro se* by Johnson in the state courts.

acknowledge that Johnson filed a second Rule 32 petition in the Circuit Court of Lee County, Alabama on October 31, 2007. However, they argue that this state petition did not toll the one-year period of limitation because it was filed after expiration of the federal limitation period and was therefore not "pending" as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. *Respondents' Answer - Court Doc. No. 18* at 11, n.4; *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Moore v. Crosby*, 321 F.3d at 1381 ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000). Thus, the respondents maintain that "Johnson filed the current petition outside the one-year-limitation period...." *Respondents' Answer - Court Doc. No. 18* at 11.

Based on the limitation argument set forth by the respondents, the court entered an order advising Johnson that he had failed to file his § 2254 petition within the one-year period of limitation established by 28 U.S.C. § 2244(d)(1). *Order of July 28, 2009 - Court Doc. No. 19.* This order also allowed Johnson an opportunity to show cause why his federal habeas petition should not be barred from review by this court as untimely filed. *Id*. at 7-8. In response to this order and in previously filed documents, Johnson contends that this court should ignore the untimeliness of his petition because failure to address the merits of his claims will result in a fundamental miscarriage of justice as he is actually innocent of the crime for which he was convicted. As he did in the state courts, Johnson bases his claim of innocence on the testimony he presented at trial denying he committed the crime and his allegation that other individuals could have sexually abused his daughter. Johnson also references potential favorable information known by Laura Campos, his ex-wife and the victim's mother, but concedes that Campos had no personal knowledge of the offense. Additionally, Johnson argues that this court should allow equitable tolling of the limitation period due to his limited knowledge of the law and his reliance on other inmates in seeking post-conviction relief. In other documents Johnson references his dyslexia, a poor education and difficulty reading, and in a motion for appointment of counsel filed on March 2, 2011 (Court Doc. No. 25), Johnson for the first time alleges that he cannot read or write.

Upon review of the pleadings filed by the parties, the undisputed state court record

4

and applicable federal law, the court determines no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes the present habeas petition is due to be denied as Johnson failed to file the petition within the applicable one-year period of limitation.

## II.  DISCUSSION

### A.  Actual Innocence - Independent Claim

Johnson argues that he is entitled to federal habeas relief because he is innocent of first degree rape. The law is well settled "that '[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.' *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993).  It is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence [presented at trial or evidence] that has emerged since the trial. 'This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution--not to correct errors of fact.' *Id*." *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002).  Thus, Johnson is entitled to no relief from this court on his independent claim of actual innocence.

### B.  Actual Innocence - Gateway to Excuse Time Bar

Throughout his pleadings, Johnson maintains that he is innocent of the first degree rape of his daughter. The only evidence cited by Johnson in support of his actual innocence

is the testimony he presented at trial. This court must determine whether Johnson has made a showing of actual innocence before addressing whether the claims for federal habeas relief are barred by the statute of limitations. *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000). "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998). "[T]he *Schlup* standard is demanding and permits review only in the '"extraordinary"' case." *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 2077 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. Because such evidence is obviously unavailable

in the vast majority of cases, claims of actual innocence are rarely successful." 513 U.S. at 324.

It is clear that the arguments presented by Johnson do not constitute "new reliable evidence" of his actual innocence nor has Johnson demonstrated that any such evidence exists to establish his actual innocence so as to meet the standard set forth by *Schlup*. The instant petition for federal habeas corpus relief is therefore properly analyzed under the provisions of 28 U.S.C. § 2244(d)(1)(A).

### C.  The Federal Period of Limitation

The Anti-Terrorism and Effective Death Penalty Act of 1996 amended the habeas corpus statute to include a one-year period of limitation on petitions of state inmates filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or

> claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the United States Supreme Court denies certiorari or the time to apply for certiorari expires. *Id.*

The Circuit Court of Lee County, Alabama convicted Johnson of the first degree rape on February 24, 2004, and imposed sentence upon Johnson for this conviction on

March 25, 2004. Johnson filed a direct appeal of his rape conviction and the Alabama Court of Criminal Appeals affirmed the conviction by memorandum opinion on April 29, 2005. *Respondents' Exhibit E - Court Doc. No. 18-10*. The appellate court subsequently denied Johnson's application for rehearing. *Respondents' Exhibit H - Court Doc. No. 18-13*. On July 8, 2005, the Alabama Supreme Court denied his petition for writ of certiorari. *Respondents' Exhibit L - Court Doc. No. 18-17*. Johnson did not further appeal his rape conviction. By operation of law, the petitioner's rape conviction became final on October 6, 2005 -- ninety days after the Alabama Supreme Court's denial of certiorari -- as this is the date on which the time expired for the petitioner to file a petition for writ of certiorari with the United States Supreme Court. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court). The federal limitation period therefore began to run on October 7, 2005.[5]

---

[5] In computing the federal period of limitation, "exclude the day of the event that triggers the period[.]" Rule 6(a)(1)(A), *Federal Rules of Civil Procedure*.

9

**1. Statutory Tolling of the Limitation Period**.  Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The court finds that the limitation period ran for 167 days after Johnson's rape conviction became final until the filing of a Rule 32 petition in the Circuit Court of Lee County on March 23, 2006. *Respondents' Exhibit M - Court Doc. No. 18-18* at 93.  The trial court dismissed this Rule 32 petition on June 16, 2006. *Id*. at 77-78.  Johnson did not appeal the trial court's order denying post-conviction relief and this order therefore became final on July 28, 2006 -- forty-two days after entry of the order dismissing the petition as this is time within which Johnson could have appealed the decision.  Rule 4(a), *Alabama Rules of Appellate Procedure*.  At such time, Johnson had 198 days remaining within which to timely file claims in a federal habeas petition. The record demonstrates that on October 31, 2007, Johnson filed a second state post-conviction petition under Rule 32 of the Alabama Rules of Criminal Procedure. *Respondents' Exhibit M - Court Doc. No. 18-18* at 42.  However, this state action did not toll the one-year period of limitation relevant to this federal habeas action as Johnson filed this second state petition after the federal limitation period had expired. *Webster*, 199 F.3d at 1259; *Moore*, 321 F.3d at 1381; *Tinker*, 255 F.3d at 1335 n.4.

In light of the foregoing, the court concludes that the tolling provision established

within 28 § 2244(d)(2) is unavailing with respect to the second Rule 32 petition filed by Johnson. Thus, the federal limitation period began to run again on July 29, 2006, and, absent equitable tolling, the time allowed Johnson for filing a federal habeas petition expired on February 12, 2007.[6]

**2. <u>Equitable Tolling of the Limitation Period</u>**. Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080,

---

[6] Since February 11, 2007 fell on a Sunday, the one-year period of limitation expired the following day. Rule 6(a)(3), *Federal Rules of Civil Procedure* (The last computed day of the limitation period shall not be included if "it is a Saturday, a Sunday, or a legal holiday....").

11

122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002) .

With respect to Johnson's argument that equitable tolling of the limitation period is warranted due to his limited knowledge of the law and *pro se* status, he is entitled to no relief from this court. The law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to justify equitable tolling. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law do not justify equitable tolling); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied*, 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001) (lack of legal knowledge or legal resources, even in a case involving a pro se inmate, does not warrant equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001) (a petitioner's pro se status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000) (ignorance of the law and pro se status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir.), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000) (petitioner's pro se status throughout most of the period of limitation does not merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999) (unfamiliarity with the

legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling.").

To the extent Johnson that asserts his alleged inability to read and write establishes a basis for equitable tolling, this assertion fails to entitle him to such relief as an inmate's reading or writing deficiency does not, standing alone, warrant equitable tolling. *United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("[W]here a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations. An inability to speak, write, and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims."). Moreover, the court finds that this allegation is refuted by the *pro se* post-conviction actions filed by Johnson in both the state courts and this court. Specifically, these actions demonstrate that Johnson's alleged illiteracy did not impede his ability to file a habeas petition within the requisite time period. Consequently, this claim does not justify equitable tolling of the limitation period as Johnson fails to establish a causal connection between his purported illiteracy and the ability to file a timely federal habeas petition. *Cf. Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005); *Bilbrey v. Douglas*, 124 Fed.Appx. 971, 973 (6th Cir.2005) (equitable tolling not applicable because petitioner "failed to establish

13

a causal connection between her mental condition and her ability to file a timely petition"); *Green v. Hinsley*, 116 Fed.Appx. 749, 751 (7th Cir.2004) (equitable tolling did not apply because petitioner failed to submit evidence of how his low intelligence would render him incompetent or prevent him from timely filing his petition); *Fisher v. Gibson*, 262 F.3d 1135, 1145 (10th Cir.2001) (petitioner's mere allegations of incompetency did not suffice to warrant equitable tolling of the limitations period).

Finally, Johnson's reliance on possible errors of fellow inmates who assisted him in filing post-conviction actions as a basis for equitable tolling likewise fails to warrant relief from the one-year period of limitation. The mere fact Johnson relied on inadequate assistance or erroneous advice of other inmates in pursing his collateral state court remedies and in filing this habeas action does not demonstrate extraordinary circumstances necessary to establish a basis for equitable tolling. *See Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir.), *cert. denied*, 498 U.S. 834 (1990) (erroneous advice from inmate law clerks while proceeding in collateral actions does not establish petitioner's claim of cause to excuse a procedural bar as there is no right to legal representation in such actions); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001) (petitioner's responsibility to comply with the law is not alleviated merely because he receives assistance from an inmate law clerk). Consequently, Johnson has failed to set forth any circumstance which warrants equitable tolling of the one-year period of limitation mandated by federal law.

**3. Expiration of the Limitation Period**. Under the circumstances of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired on February 12, 2007. Johnson filed the instant federal habeas petition on April 12, 2009, over two years after expiration of the limitation period. Johnson has failed to demonstrate that this petition should not be dismissed as untimely filed.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by David Steven Johnson be denied as Johnson failed to file the petition within the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1).

2. This case be dismissed with prejudice.

It is further

ORDERED that on or before August 23, 2011, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by

15

the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 9th day of August, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE